UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VERNON GREEN,

          Petitioner,

v.

CHARLES ELLIS, et al.,

          Respondents.

Civil Action No. 15-7800 (MAS)

**MEMORANDUM AND ORDER**

*Pro se* Petitioner Vernon Green, a pre-trial detainee confined at the Mercer County Correction Center in Trenton, New Jersey, seeks to file a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner seeks to proceed *in forma pauperis*. Local Civil Rule 81.2 provides:

> Whenever a Federal, State, or local prisoner . . . seeks *in forma pauperis* status, the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an *authorized officer of the institution* certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.

L.Civ.R. 81.2(b) (emphasis added). Petitioner's *in forma pauperis* application does not contain a certification from an authorized officer of the institution; instead, Petitioner submitted a certification signed by himself. This does not comply with Rule 81.2.

**IT IS** therefore on this 3rd day of November, 2015;

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d

1

265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs ...."); it is further

**ORDERED** that the Clerk of the Court shall supply to Petitioner a blank form Affidavit of Poverty and Certification (Habeas Corpus) – DNJ-Pro-Se-007-B-(Rev. 09/09); it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include either: (1) a complete *in forma pauperis* application, as required by Local Civil Rule 81.2(b), or (2) the $5 filing fee;[1] it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is further

---

[1] The Court notes that Petitioner filed a § 2254 petition, as a pre-trial detainee. However, § 2254 petitions can only challenge custody by a State "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If Petitioner wishes to challenge his pre-trial detention by the State, Petitioner should amend his petition by filing a § 2241 petition instead. The Court further notes that a cursory review of the Petition suggests that the Court may not have jurisdiction to review the issues raised by Petitioner in a § 2241 petition. Petitioner should raise these issues in his state court proceedings instead.

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

*/s/ Michael A. Shipp*
**Michael A. Shipp**
United States District Judge